E-FILED
Friday, 06 March, 2015  09:09:29 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-30053 |
| | ) | |
| **TAIWAN BYNDUM,** | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Before the Court is Defendant Taiwan Byndum's Motion to Suppress [d/e 9].  The Court held a hearing on the motion and heard testimony from the officers who stopped and arrested the Defendant.  Based on the Parties' filings and the evidence presented at the hearing, the Defendant's motion is denied.

The Defendant was pulled over by Quincy Police Officers Ryan Witt and Nathan Elbus on October 9, 2014 at 8:32:14 p.m. for failing to signal before making a left turn.  Officer Elbus then contacted a canine unit to come inspect the Defendant's car before

approaching the Defendant's car and obtaining the Defendant's driver license and insurance information.  Officer Elbus next called the dispatcher to get information on the Defendant at 8:34:54.  At 8:37:04, Officer Elbus acknowledged to the dispatcher that he had the information he needed to write the Defendant a traffic ticket.  The canine unit arrived at 8:39:53, and the canine quickly alerted to drugs in the car.  The officers then asked the Defendant and his passenger to step out of their car.  As the officers were attempting to handcuff the Defendant, the Defendant attempted to flee.  After Officer Elbus chased the Defendant down and brought him to the ground, Officer Elbus found narcotics lying next to the Defendant.

    The Defendant argues that this evidence should be suppressed because, he claims, Officer Elbus did not attempt to prepare a traffic ticket for the Defendant, and that Officer Elbus instead sat in his car with the intent to lengthen the duration of the traffic stop to allow time for the canine unit to arrive.  However, at the hearing, Officer Elbus testified that he was working to complete the traffic ticket from the time he received the information from the dispatcher at 8:37:04 to the time the canine alerted on the Defendant's vehicle

at 8:39:53.  The Defendant did not present any evidence to rebut this testimony.  The Court found Officer Elbus credible in testifying that he was working on the ticket from 8:37:04 to 8:39:53.

The Court further finds that the 2 minutes and 49 seconds between when Officer Elbus received the information from the dispatcher and when the canine unit arrived was a reasonable amount of time for preparing a ticket.  Additionally, the approximately 8 minutes that transpired from the time that Officer Elbus initiated the stop to when the canine unit arrived was a reasonable amount of time to detain the Defendant for a traffic stop.  It takes some time for officers to prepare tickets—Officer Elbus testified that 8 to 12 minutes was average—and the Seventh Circuit has held that the 8 minutes the Defendant was held until the dog alerted in this case was presumptively reasonable.  See United States v. Garrett, 139 F. App'x 720, 723 (7th Cir. 2005) ("In this case, if [the canine] alerted within 5 or 10 minutes of [the defendant] being pulled over, that would likely be a reasonable amount of time for [the officer] to still be responding to the traffic violation.  But if the alert happened 19 minutes into the stop,

perhaps not.").

Moreover, Officer Elbus testified that he and Officer Witt had previously been informed by Inspector Tommy Pickett of the West Central Illinois Task Force that the Defendant was traveling to Chicago to purchase crack cocaine and heroin to sell in Quincy before the officers stopped the Defendant. Officer Elbus stated that Inspector Pickett had told Officer Witt—who had in turn told Officer Elbus—about the Defendant's drug trafficking and instructed them to look for the Defendant's vehicle. Because the officers had this information when they stopped the Defendant, they also had "reasonable suspicion of criminal conduct that [could] justify prolonging the stop to permit a reasonable investigation." See United States v. Martin, 422 F.3d 597, 602 (7th Cir. 2005) (finding that officers were justified in holding a car beyond the time needed for a traffic stop after they found out that the driver did not have a license and that he was suspected of drug trafficking). The officers' reasonable suspicion that the Defendant was carrying drugs justified holding him for a few minutes until the canine unit arrived. Therefore, even if Officer Elbus had not been diligently working on

the Defendant's traffic ticket from 8:37:04 to 8:39:53, the Defendant was not unconstitutionally detained because the officers had a reasonable suspicion that justified the brief seizure.

For these reasons, the Court concludes that the Defendant was detained for a period of time that was reasonable for conducting a traffic stop, and, regardless, that Officers Elbus and Witt had reasonable suspicion to detain him for a longer period of time. Therefore, the Defendant's motion to suppress the evidence that was found as a result of the traffic stop is DENIED.

ENTER: March 4, 2015.

/s Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE